FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 30, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>     v.<br><br>SALVADOR RUIZ-CORTEZ (01),<br><br>                  Defendant. | No. 1:17-cr-02029-SMJ-01<br><br>**ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Before the Court is Defendant's "Motion to Recall the Mandate[;] Withdrawal of Plea; and Withdrawal of Appearance," ECF No. 178, which the Court construes as a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Having reviewed the claims set forth in Defendant's construed motion, the Court finds the relief requested is foreclosed by the waiver of appeal rights Defendant made by entering into the plea agreement in this case. Finding that waiver was made knowingly and voluntarily, the Court concludes it is clear from the face of the motion and the record in this matter that Defendant is entitled to no relief. The Court therefore dismisses the motion without directing a response and without an evidentiary hearing. *See United States v. Withers*, 638 F.3d 1055, 1062–63 (9th Cir. 2011).

## BACKGROUND

Defendant and one co-Defendant were indicted on June 20, 2017 for a variety of counts arising out of a conspiracy to distribute narcotics. *See* ECF No. 30. On September 11, 2018, Defendant pled guilty to one count of Distribution of Five Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). *See* ECF No. 142. Defendant did so after entering a plea agreement with the Government that contained several relevant provisions set out in more detail below. *See* ECF No. 144. On December 13, 2018, the Court accepted the plea agreement and sentenced Defendant to 135 months' imprisonment. ECF No. 160. Defendant timely appealed the judgment. ECF No. 163. The U.S. Court of Appeals for the Ninth Circuit dismissed the appeal on August 23, 2019, finding there to be no meritorious basis for appeal in light of Defendant's waiver of the right to appeal in the plea agreement. ECF No. 176 at 2. The Ninth Circuit expressly noted its "independent review of the record . . . disclose[d] no arguable issue as to the validity of" the waiver of Defendant's appeal rights. *Id.* (citations omitted). The mandate issued on September 16, 2019. ECF No. 177.

On November 20, 2019, the Court received Defendant's construed motion under § 2255.[1] ECF No. 178. The Court also received Defendant's *pro se* Motion

---

[1] It also appears this motion was filed with the Court of Appeals, which construed it as a motion to recall the mandate and, finding no "extraordinary circumstances" to warrant such unusual relief, denied that motion. *See* ECF No. 181.

ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE **-** 2

for Appointment of Counsel, ECF No. 179, and a variety of documents evidently meant for the United States Attorney's Office, to which they were forwarded, *see* ECF No. 180. As stated above, the Court construes ECF No. 178 as a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct Defendant's sentence. It is to that motion the Court now turns.

## LEGAL STANDARD

Under § 2255, a prisoner incarcerated pursuant to the judgment of a federal court may move the sentencing court to vacate, set aside, or correct the sentence because it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

On receipt of such a motion, the Court must perform a preliminary review of the bases it sets forth and the relief it requests. The Court may dismiss a prisoner's § 2255 motion without service on the Government, without an evidentiary hearing, and without entering findings of fact and conclusions of law if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b). In deciding whether the Court must summarily dismiss a § 2255 motion, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted."

*Withers*, 638 F.3d at 1062 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). The Court must liberally construe a *pro se* § 2255 motion. *Orona v. United States*, 826 F.3d 1196, 1199 (9th Cir. 2016); *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

## DISCUSSION

Defendant's sentence was imposed after he pled guilty pursuant to a plea agreement he entered with the Government. *See* ECF No. 144. Pursuant to that plea agreement, Defendant agreed to the following provision:

> The Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. The Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes. The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, *including a motion pursuant to 28 U.S.C. § 2255*, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

*Id.* at 13 (emphasis added). The Ninth Circuit found this waiver of the right to appeal or collaterally attack the judgment or conviction effectively foreclosed Defendant's attempted appeal. ECF No. 176 at 1–2. Upon independent review of the motion and the record in this matter, the Court reaches the same conclusion.

A criminal defendant who enters into a plea agreement with the Government may agree, by doing so, to prospectively waive his right to appeal or collaterally attack his sentence or judgment. *United States v. Watson*, 582 F.3d 974, 986 (9th

Cir. 2009). Such an appeal waiver is, however, only valid to the extent it is "knowingly and voluntarily made." *Id.* (quoting *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004)).

In setting forth the basis for his requested relief, Defendant's construed motion states

> [T]his cause is two fold because it deals with <u>My</u> native language and the 'waiver of rights' that I allegedly surrendered; that being the matter, there is clearly a controversy with the 'conveyance of the language being in the proper venue,'" and how this interpreter is/was qualified, to <u>convey</u> 'u.s. code or law' to Me[?]; and, how was there suffic[i]ent proof or proofs that I was aware, I was making an 'intelligent act or acts knowingly waiving Constitutional rights.

ECF No. 178 at 2–3 (boldfaced formatting omitted) (second bracketed text in original). The Court construes this as Defendant's argument that the appellate waiver provisions are invalid based on insufficient translation during the plea colloquy and because Defendant did not agree to those provisions intelligently or voluntarily. Both claims are belied by Defendant's statements at the time he pled guilty.

At that hearing, Defendant was assisted by a court-certified interpreter who translated the whole of the hearing into Spanish, Defendant's first language. *See* ECF No. 172 at 2. At the beginning of the hearing, the Court directed Defendant as follows:

> Sir, today it's anticipated that you will be changing your plea. And these proceedings are important, as are all of these proceedings. And you're being assisted today by our court certified interpreter. If at any point during this discussion there's something you do not understand, I'd like you to get my attention somehow. You can do so by simply raising your hand, and I will make sure that whatever was not interpreted correctly for you is. Is that clear?

*Id.* Defendant answered "Yes." *Id.* The Court asked Defendant a variety of biographical questions which he answered without difficulty. *Id.* at 4–5. From this the Court concludes both that Defendant was assisted by a proficient interpreter and, as a consequence, capable of understanding the proceedings.

Defendant then stated he had reviewed the plea agreement, which had been translated into Spanish for him, with his attorney and was satisfied with the answers his attorney gave to his questions about that agreement. *Id.* at 5–6. When asked if he was satisfied with his attorney's services, Defendant said he was "very pleased." *Id.* at 6.

The Court then continued to review each substantive provision of the plea agreement with Defendant in detail. The Court advised Defendant that "You are waiving your right to appeal, and you really only have a limited right to appeal, essentially based upon ineffective assistance of counsel. But you're waiving your right to appeal both the conviction and the sentence. Do you understand that?" *Id.* at 11–12. Defendant answered "Yes." *Id.* After reviewing the agreement's other substantive provisions, the Court accepted Defendant's guilty plea, and then asked

if he was making that plea freely and voluntarily, of his own volition, to which Defendant replied "Yes." *Id.* at 12–13.

In view of Defendant's testimony during the change-of-plea hearing, the Court is satisfied, as it was then, that Defendant knowingly and voluntarily pled guilty and entered the plea agreement, including its appeal waiver provision. As such, the Court agrees with the Ninth Circuit that the record discloses no basis to question the validity of Defendant's waiver of appeal rights, and the remaining bases for his construed motion are foreclosed by that waiver. The Court next briefly summarizes those claims.

First, Defendant challenges the Court's finding that he distributed over 276 grams of methamphetamine in determining Defendant's advisory sentencing range.[2] *See* ECF No. 178 at 2. This claim is foreclosed by Defendant's waiver of his right to appeal the sentence the Court imposed. *See United States v. Medina-Carrasco*, 806 F.3d 1205, 1210 (9th Cir. 2015) ("[T]o allow an allegedly incorrect guidelines calculation to render inapplicable a waiver of the right to appeal sentencing guidelines determinations 'would nullify the waiver based on the very sort of claim it was intended to waive.'") (quoting *United States v. Smith*, 500

---

[2] The Court notes that this challenge would also be foreclosed by Defendant's stipulation, in the plea agreement, that distribution of approximately 276.074 grams of actual methamphetamine constituted relevant offense conduct for sentencing purposes. ECF No. 144 at 8.

ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE **-** 7

F.3d 1206, 1213 (10th Cir. 2007)).

Second, and relatedly, Defendant appears to argue that the Court incorrectly found applicable a two-level increase to his guideline sentencing range because the offense involved the use of a firearm, which Defendant appears to claim did not belong to him. ECF No. 178 at 2. This claim, similarly alleging the Court erred in calculating Defendant's guideline sentencing range, is likewise foreclosed by the appellate waiver. *See Medina-Carrasco*, 806 F.3d at 1210. The plea agreement expressly stated the Government's intent to argue for the application of the guideline provision at issue and preserved Defendant's right to argue against its application. ECF No. 144 at 8–9. Defendant exercised that right. See ECF No. 147 at 1–2. Thus, Defendant can hardly contend he was surprised that the Government advocated for application of the two-level increase. The Court found the guideline enhancement applicable, ECF No. 173 at 6–7, and Defendant waived his right to appeal that determination.

Third, and also within the ambit of the plea agreement's appellate waiver provisions, is Defendant's apparent claim that one of his attorneys told him the Government had offered a plea agreement under which he would be sentenced to no more than five years in prison. *See* ECF No. 178 at 2. The construed motion goes on to state that after this attorney was terminated, and Defendant was appointed substitute counsel, his new attorney never presented him with the alleged prior plea

agreement. *Id.* But at the change of plea hearing, the Court carefully reviewed the terms of the plea agreement Defendant did, in fact, enter—and Defendant gave no indication there was a superior alternative previously offered to him. ECF No. 172 at 12 (confirming Defendant's understanding that integration clause meant "there are no other side deals, no other oral promises, [and] that everything that's contained in your understanding of this plea agreement is included in" the signed document). If supported by an adequate basis in evidence, this claim would amount to an argument regarding ineffective assistance of counsel. But crucially, it is based wholly on knowledge Defendant had at the time he entered his plea of guilty. Thus, even if Defendant put forth evidence aside from his own self-serving assertion—which he has not—this claim is foreclosed by the plea agreement. *See* ECF No. 144 at 13 (excluding only arguments based on "ineffective assistance of counsel based on information not [] known by Defendant" prior to pleading guilty or sentencing).

Finally, Defendant contends that because "there was never an actual hearing to determine [his] citizenship," and because the Court "treated [him] like a U.S. citizen . . . in [p]eronsam jurisdiction" over him was never established. ECF No. 178 at 2 (boldface formatting omitted). The Court construes this as a challenge to its personal jurisdiction over Defendant in connection with this matter. Even if this challenge could survive the plea agreement's appellate waiver, it is plainly meritless. A federal district court obtains personal jurisdiction over a Defendant by

virtue of the Defendant's "having been brought before it on a federal indictment charging a violation of federal law." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citing *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003)). A federal grand jury returned an indictment against Defendant, charging him with eight violations of federal narcotics law. *See* ECF No. 30. The Court therefore had personal jurisdiction over him without need for a hearing to determine his citizenship, which is relevant neither to the authority of the federal government to prosecute him for violations of federal law, nor of this Court to preside over that process.

**CONCLUSION**

In light of the waiver of Defendant's right to appeal both the conviction and the sentence in this matter—a right he knowingly and intelligently waived before this Court, with the benefit of proficient interpretation—the Court concludes "the motion and the files and records of the case conclusively show that [Defendant] is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly, the Court dismisses the construed motion without directing a response from the Government and without an evidentiary hearing.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's construed Motion Under 28 U.S.C. § 2255 to vacate, set aside, or correct Sentence, **ECF No. 178**, is **DISMISSED**.

**2.** All pending case management deadlines are **TERMINATED** and all pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, enter judgment, provide copies to Defendant, and close the file. The Court certifies that Defendant has failed to make a substantial showing of a constitutional deprivation because reasonable jurists could not debate whether the motion should be resolved in a different manner. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A certificate of appealability is therefore **DENIED**.

**DATED** this 30th day of January 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE **-** 11