FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 16, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SALVADOR RUIZ-CORTEZ (1),<br><br>Defendant. | No. 1:17-CR-02029-MKD-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO RECHARACTERIZE, DENYING DEFENDANT'S SECTION 2255 MOTION, AND DENYING AS MOOT MOTION TO APPOINT COUNSEL<br><br>**ECF Nos. 187, 188, 194** |

Before the Court is Defendant Salvador Ruiz-Cortez's (1) Motion for Relief from Judgment or Order Under Rule 60(b) and (d) of the Federal Rules of Civil Procedures, ECF No. 187, and Motion for Appointment of Counsel, ECF No. 188. In response to the Order entered September 25, 2023, ECF No. 190, Defendant has also filed a Motion Requesting the Court to Recharacterize His Current Rule 60 Motion as a Section 2255 Motion, ECF No. 194.

The Court has considered the briefing, the record, and is fully informed. For the reasons stated below, the Court (1) grants Defendant's Motion to Recharacterize,

ORDER - 1

ECF No. 194; (2) denies Defendant's recharacterized Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 187; and (3) denies as moot Defendant's Motion for Appointment of Counsel, ECF No. 188.

## BACKGROUND

**A. Original Proceedings**

On June 14, 2017, Defendant was charged by criminal complaint with one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). ECF No. 1. On June 15, 207, Defendant made an initial appearance, and the Federal Defenders of Eastern Washington were appointed to represent him. ECF Nos. 7-8. On June 19, 2017, AFD Alex B. Hernandez, III ("AFD Hernandez") filed a notice of appearance as Defendant's counsel. ECF No. 13. On June 20, 2017, the grand jury returned an indictment, charging Defendant with one count of conspiracy to distribute methamphetamine and seven counts of methamphetamine distribution. ECF No. 30.

On July 13, 2017, Rick Hernandez ("R. Hernandez") substituted in as Defendant's retained counsel, replacing AFD Hernandez. ECF No. 48. On November 6, 2017, retained counsel George P. Trejo, Jr., substituted in as Defendant's counsel, replacing R. Hernandez. ECF No. 71. On May 11, 2018, Trejo moved to withdraw and requested that counsel be appointed for Defendant. ECF No. 103.

ORDER - 2

On May 25, 2018, the Court reappointed the Federal Defenders to represent Defendant, and AFD Hernandez filed a notice of appearance. ECF Nos. 113, 114. On June 19, 2018, AFD Hernandez filed an *ex parte* Motion to Withdraw, stating he had learned of a conflict of interest during his review of Defendant's discovery on June 18, 2018, one day prior. ECF Nos. 133, 134. On June 22, 2018, the Court appointed CJA counsel Michael W. Lynch to represent Defendant. ECF No. 136.

On September 11, 2018, Defendant pleaded guilty to one count of methamphetamine distribution pursuant to a Plea Agreement. ECF No. 144. In the Plea Agreement, Defendant expressly waived the right to a direct appeal or collateral appeal of his conviction and sentence in the following section:

> The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

ECF No. 144 at 13. In return, the United States agreed to (1) dismiss the remaining seven counts against Defendant;[1] (2) withdraw the 21 U.S.C. § 851 enhanced penalty

---

[1] One of these dismissed counts, conspiracy to distribute methamphetamine, was punishable by a statutory minimum sentence of 10 years, with a maximum sentence

ORDER - 3

information regarding Defendant's prior drug convictions (ECF No. 96);[2] (3) recommend a reduction for acceptance of responsibility; (4) stipulate to the amount of actual methamphetamine and the nonapplicability of the USSG §§ 2D1.1(b)(12) and 3B1.1 enhancements; and (5) recommend a sentence at the low end of the guidelines range. ECF No. 144 at 7-10. The Court accepted Defendant's guilty plea. ECF No. 142.

On December 11, 2018, the Court sentenced Defendant to 135 months' imprisonment and 5 years of supervised release, a high-end guidelines sentence. ECF Nos. 160, 161.

**B. Direct Appeal and "Motion to Recall the Mandate"**

On December 27, 2018, Defendant filed a Notice of Appeal, and on January 4, 2019, Troy J. Lee was appointed as appellate counsel. ECF Nos. 163, 166. On

---

of life. ECF No. 32 at 1.

[2] This enhanced penalty information concerned two prior convictions for felony drug offenses. ECF No. 96. These convictions would have increased the penalty range for Defendant's offense of conviction from 5-to-40 years to 10 years-to-life. ECF No. 32. Similarly, these convictions would have increased the penalty range for the dismissed conspiracy offense from 10 years-to-life to a mandatory life sentence. *Id.*

ORDER - 4

1  August 23, 2019, the Ninth Circuit dismissed Defendant's appeal, concluding

2  Defendant had waived his right to do so.  ECF No. 176.

3       In November 2019, Defendant filed a Motion to Recall the Mandate in this

4  case and in his appeal case.  ECF No. 178; *see also* Motion, *United States v. Ruiz*

5  *Cortez*, No. 19-30000 (9th Cir. filed Nov. 19, 2019), ECF No. 20.  That motion

6  alleged that (1) Defendant had no opportunity to challenge the drug quantity; (2)

7  there were defects in the Court's jurisdiction due to Defendant's citizenship status;

8  (3) Defendant should not have received the firearm enhancement; and (4) the

9  waivers in the Plea Agreement were not knowingly, intelligently, and voluntarily

10 made.  ECF No. 178 at 2-3.  Defendant requested relief in the form of a "withdrawal

11 of appearance; and withdrawal of plea."  ECF No. 178 at 3.  The Ninth Circuit

12 dismissed the motion on December 3, 2019, finding there were "no 'extraordinary

13 circumstances' to support such relief."  ECF No. 181 (citing *Calderon v. Thompson*,

14 523 U.S. 538, 550 (1998)).

15      Meanwhile, the Honorable Salvador Mendoza, Jr., construed the Motion to

16 Recall the Mandate filed in this case as a motion to vacate, set aside, or correct

17 sentence pursuant to 28 U.S.C. § 2255.  ECF No. 182.  Judge Mendoza dismissed

18 the Section 2255 motion, finding that the appeal waivers in the plea agreement were

19 enforceable, that Defendant's guilty plea was voluntarily and knowingly made, that

20 the alleged factual issues would have been known to Defendant at the time he

ORDER - 5

entered his guilty plea, and that the Court had proper jurisdiction over Defendant. *Id.* at 7-10.

**C. Collateral Appeal Proceedings**

On May 24, 2022, Defendant wrote to the Court seeking appointment of counsel to prepare a Section 2255 motion. ECF No. 183. Judge Mendoza found that the procedural requirements of Section 2255(h)[3] applied, since it previously construed Defendant's Motion to Recall the Mandate as a Section 2255 motion. ECF No. 184 at 1. Judge Mendoza denied appointment of counsel, with leave to renew if Defendant obtained permission from the Ninth Circuit to submit a successive Section 2255 motion. *Id.* at 3.

The matter was reassigned to the undersigned judicial officer in September 2022. ECF No. 186.

On February 22, 2023, Defendant filed the instant Motion for Relief from Judgment or Order Under Federal Rule of Civil Procedure 60(b), (d), ECF No. 187, and a Motion for Appointment of Counsel, ECF No. 188. Defendant sought relief

---

[3] 28 U.S.C. § 2255(h) requires, in relevant part, that a second or successive Section 2255 motion be certified by the appropriate court of appeals.

ORDER - 6

1 from Judge Mendoza's recharacterization of his Motion to Recall the Mandate as a
2 first Section 2255 motion. ECF No. 187.

3       On September 25, 2023, the Court granted Defendant's Rule 60 motion in
4 part, directed Defendant to respond before November 30, 2023, to the Court's intent
5 to recharacterize the motion as a Section 2255 motion, and noted that the Court
6 would consider the motion withdrawn if no timely response was filed. ECF No.
7 190. The Court held Defendant's Motion for Appointment of Counsel, ECF No.
8 188, in abeyance pending Defendant's response. *Id.* Having received no response
9 from Defendant by December 26, 2023, the Court denied the pending motions as
10 moot. ECF No. 191.

11       On January 29, 2024, Defendant filed a Motion to Reopen Proceedings Due to
12 Lack of Notice, stating he was unaware of the September 25, 2023, Order. ECF
13 No. 192. On February 1, 2024, the Court granted the motion and directed Defendant
14 to respond to the intended recharacterization by April 5, 2024. ECF No. 193. On
15 February 22, 2024, Defendant filed a Motion Requesting the Court to Recharacterize
16 His Current Rule 60 Motion as a Section 2255 Motion. ECF No. 194. Defendant
17 requests that the Court recharacterize the "current Rule 60 motion as a Section 2255
18 motion without any amendments to the existing pleading." *Id.*

19 **LEGAL STANDARD**

20       A prisoner serving a federal criminal sentence may move the sentencing court

ORDER - 7

to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). The court shall provide notice to counsel for the United States and conduct a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "In determining whether a hearing and findings of fact and conclusions of law are required, 'the standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)) (alteration omitted). A court may summarily dismiss the Section 2255 motion "if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* (quoting *Schaflander*, 743 F.3d at 717).

## DISCUSSION

### A. Ineffective Assistance of Counsel

Defendant raises a single ground for Section 2255 relief—ineffective assistance of counsel based on AFD Hernandez's conflict of interest. ECF No. 187 at 4-6. Defendant alleges that AFD Hernandez had a "grave conflict of interest at the beginning of the proceedings" and that the Court later reappointed AFD Hernandez "despite being adviced [sic] – twice before" of this conflict of interest. ECF No. 187 at 4-5.

"To obtain relief on a claim of ineffective assistance of counsel," a defendant "must establish both: (1) that his attorney's performance fell 'below an objective standard of reasonableness'; and (2) prejudice: a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Rodriguez*, 49 F.4th 1205, 1213 (9th Cir. 2022) (quoting *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995)). However, in situations where counsel has "an actual conflict of interest," prejudice is presumed. *United States v. Walter-Eze*, 869 F.3d 891, 900 (9th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984)) (quotation marks omitted). "[A]n actual conflict 'is a conflict of interest that adversely affects counsel's performance.'" *Id.* at 900-01 (quoting *Hovey v. Ayers*, 458 F.3d 892, 908 (9th Cir. 2006)). "To establish an 'adverse effect' a defendant must show 'that some plausible alternative defense strategy or tactic might have been pursued but was not and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests.'" *Id.* at 901 (quoting *United States v. Wells*, 394 F.3d 725, 733 (9th Cir. 2005)).

The record indicates that the Federal Defenders and AFD Hernandez first represented Defendant for approximately 28 days, between June 15, 2017, and July 13, 2017. ECF Nos. 7, 48. AFD Hernandez withdrew on July 13, 2017, upon Defendant's substitution of retained counsel, R. Hernandez. ECF No. 48. The

1  record provides no other reason for this substitution of counsel besides Defendant's
2  decision to retain private counsel.  *See id.*

3    AFD Hernandez's second term as Defendant's counsel was shorter, lasting
4  approximately 25 days between May 25, 2018, and June 22, 2018.  ECF Nos. 113,
5  114, 133, 136.  In his June 19, 2018, motion to withdraw, AFD Hernandez stated
6  that he learned of the conflict of interest while reviewing discovery the day before,
7  on June 18, 2018.  ECF No. 133 at 2.  AFD Hernandez specifically noted that during
8  his representation of Defendant in 2017, he had not received the portion of discovery
9  that revealed the conflict of interest by the time R. Hernandez substituted in as
10 counsel.  ECF No. 134 at 2.  He also confirmed he was not aware of any conflicts of
11 interest when he entered his second appearance in this matter on May 25, 2018.
12 ECF No. 133 at 2.

13   Defendant contends that the Court had notice of AFD Hernandez's conflict of
14 interest when reappointing him in May 2018 based on a letter AFD Hernandez wrote
15 to Defendant on May 2, 2022.  ECF No. 187 at 8, 13.  In the letter, AFD Hernandez
16 explained that the "[Federal Defenders'] office had a conflict in [Defendant's] case,
17 so another attorney was appointed to represent" Defendant.  *Id.* at 13.  Defendant
18 argues that this language shows it is "more likely than not" that AFD Hernandez
19 "previously notified the court of his conflict of interest after his first withdrawal
20 from the case."  *Id.* at 8.  However, the letter is consistent with AFD Hernandez's

ORDER - 10

statements that he was not aware of the conflict of interest until June 18, 2018. *See id.* at 13. AFD Hernandez is clearly referring to his 2018 term as counsel, as evidence by his reference to another attorney being "appointed." *Id.* In 2018, CJA Attorney Lynch was "appointed." In contrast, in 2017, R. Hernandez was "retained."

In sum, the record consistently reflects that AFD Hernandez was not aware of the conflict of interest until June 18, 2018, and that he moved to withdraw one day after learning of it. These actions do not constitute performance falling below an objective standard of reasonableness. *See Rodriguez*, 49 F.4th at 1213.

Nor does Defendant identify any plausible alternative defense strategy or tactic that might have been pursued but was not, due to counsel's other loyalties or interests, in the single-day period that AFD Hernandez was aware of the conflict of interest. *See Walter-Eze*, 869 F.3d at 901. Defendant suggests that the conflict of interest impacted his ability to challenge the drug purity and firearms enhancements in the early stages of the case. ECF No. 187 at 4. But he does not explain why such challenges could not have been brought during the 13 months before his guilty plea when he was represented by retained counsel R. Hernandez, retained counsel Trejo, or CJA Attorney Lynch, each being a competent attorney with no conflict. Moreover, the Plea Agreement specifically allowed Defendant to contest the firearm enhancement at sentencing, providing Defendant with three more months to do so

ORDER - 11

through CJA Attorney Lynch, and CJA Attorney Lynch did object to the firearm enhancement. ECF No. 144 at 8; ECF No. 146 at 2 ¶ 8; ECF No. 173 at 4-6.

Defendant's allegations regarding AFD Hernandez's performance as counsel, when viewed against the record, are palpably incredible, do not give rise to a claim for relief based on ineffective assistance of counsel, and may therefore be summarily dismissed. *See Withers*, 638 F.3d at 1062.

**B. Timeliness**

A Section 2255 motion must be filed within 1 year of the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Where a defendant does not file a petition for a writ of certiorari to the Supreme Court, the judgment becomes final for purposes of Section 2255(f)(1) "when the time to seek certiorari expires—ordinarily, 90 days after judgment." *Kemp v. United States*, 596 U.S. 528, 531 (2022) (citing *Clay v. United States*, 537 U.S. 522, 525 (2003); U.S. Supreme Court Rule 13(1)).

ORDER - 12

Here, Defendant's judgment became final, for Section 2255(f)(1) purposes, after the 90-day period to seek certiorari expired on November 21, 2019. *See id.*; *Clay*, 537 U.S. at 525. As such, Defendant's one-year period to file a Section 2255 motion had expired by November 21, 2020.

Defendant did not argue in the Rule 60 motion that any later date under Section 2255(f)(2)-(3) applies here. Defendant also did not argue timeliness under Section 2255(f)(4), but the record indicates that his motion would still be untimely under that subsection. Defendant indicated he was aware that AFD Hernandez withdrew due to a conflict of interest in his Motion to Recall the Mandate, filed November 20, 2019. ECF No. 178 at 2 ("[AFD Hernandez] was 'removed' without My knowledge and I was never informed as to why – only that, it was for conflict of interest.") (emphases omitted). As such, Defendant was aware of the facts supporting his instant claim by at least November 19, 2019.

The Court concludes that Defendant's Section 2255 claim is time-barred under Section 2255(f).

**C. Plea Waiver**

Last, the Court notes that Defendant's Section 2255 claim is precluded by the appeal waiver in his plea agreement. That appeal waiver contains one exception, permitting Defendant to file a Section 2255 motion "based upon ineffective assistance of counsel based on information not now known by Defendant and which,

in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence." ECF No. 144 at 13.

The Court advised Defendant to consider this plea waiver in deciding whether to seek recharacterization of his Rule 60 motion.[4] ECF No. 190 at 11; ECF No. 193 at 2. In response, Defendant requested that the Court "recharacterize his current Rule 60 motion as a Section 2255 motion without any amendments to the existing pleading," thereby declining to raise any further arguments that his Section 2255 motion was not precluded by the plea agreement. ECF No. 194.

Defendant does not contend he was unaware of AFD Hernandez's conflict of interest at the time of his plea or sentencing. In his 2019 Motion to Recall the Mandate, Defendant stated that he "was never informed" about the reason for AFD

---

[4] Regardless of the Court's advisements, Defendant is plainly aware that the appeal waiver in the Plea Agreement affects the availability of postconviction relief. Defendant acknowledges that this waiver was the basis for the Ninth Circuit's dismissal of Defendant's direct appeal. ECF No. 187 at 2 (citing ECF No. 176). Defendant also acknowledges that the appeal waiver was cited by Judge Mendoza in dismissing Defendant's Motion to Recall the Mandate. ECF No. 187 at 3 (citing ECF No. 182).

1  Hernandez's exit from the case except "that[] it was for conflict of interest." ECF
2  No. 178 at 2 (emphasis omitted). As such, Defendant has not demonstrated that the
3  instant Section 2255 claim falls outside the scope of his appeal waiver, as he was
4  aware of the information now offered as the basis for relief.

The Court concludes that Defendant's Section 2255 claim is also barred by the appeal waiver in the Plea Agreement.

### D. Certificate of Appealability

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under [S]ection 2255." 28 U.S.C. § 2253(c)(1)(B); *see also* Fed. R. App. P. 22(b)(1). The petitioner must have "made a substantial showing of the denial of a constitutional right" to be entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(2). "The only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

Defendant has failed to make a substantial showing of the denial of a constitutional right, as reasonable jurists would not disagree that AFD Hernandez's performance was not deficient, that his conflict of interest did not adversely affect

ORDER - 15

his performance as counsel, that the motion is untimely, and that Defendant's claim is barred by the appeal waiver in the Plea Agreement. Nor has Defendant demonstrated that the issues he presents should proceed further. Therefore, there is no basis on which a certificate of appealability may be issued.

## CONCLUSION

In sum, "the motion and the files and records of the case conclusively show that [Defendant] is entitled to no relief . . . ." 28 U.S.C. § 2255(b). Defendant's allegations of ineffective assistance of counsel are palpably incredible, do not state a claim for relief, and may be summarily dismissed. *See Withers*, 638 F.3d at 1062. Moreover, the instant motion is untimely under Section 2255(f) and precluded by the Plea Agreement. The Court dismisses the motion without need for a response from the United States or a hearing. 28 U.S.C. § 2255(b).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion Requesting the Court to Recharacterize His Current Rule 60 Motion as a Section 2255 Motion, **ECF No. 194**, is **GRANTED**.

2. Defendant's recharacterized Section 2255 Motion, **ECF No. 187**, is **DENIED**.

   a. A certificate of appealability is **DENIED**.

3. Defendant's Motion for Appointment of Counsel, **ECF No. 188**, is **DENIED as moot**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Defendant and counsel for the United States.

DATED April 16, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE
